(No. 4335-)

John Kroencke, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 11, 1952.*

Schmiedeskamp and Deege, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

Claimant, John Kroencke, filed his complaint herein on September 18, 1950, wherein he alleges that he

sustained damages to his personal property and to certain growing crops by reason of a flood, which occurred on July 20, 1949. He brings this action to recover the said damages, and contends that the flood resulted from the negligence of the State of Illinois in maintaining a highway.

At the time of the flood, claimant, John Kroencke, was a tenant farmer. The farm where Mr. Kroencke lived, and where the damages are alleged to have occurred, is located in the southern part of Adams County, Illinois. It is approximately three miles north of Hull, Illinois. State Route No. 57 adjoins the farm, and the house and buildings lie to the northeast, or up-stream side. A creek, known as Possum Hollow Creek, flows along the north side of the farm, and through a large culvert or bridge under the highway. A levee extends in an easterly direction from the highway to the bluffs to protect the property of John Kroencke.

Prior to the construction of Route No. 57, an old road, which was not a State road, crossed Possum Hollow Creek just to the northeast of the present culvert or bridge. A concrete slab was laid on the creek bottom to provide a ford on the old road. This slab had been lying there for years.

The pavement on the hard road was laid in 1947. The culvert, or bridge, had been installed several years before, but during the War the road was not paved. The culvert consists of four separate sections, each of which is a passage seven feet high and twelve feet wide.

On July 20, 1949, heavy rains fell in an area from Quincy south, approximately forty miles to Pleasant Hill. At the farm where John Kroencke resided, a flood occurred causing damage to claimant's property. When the water subsided, it was discovered that the concrete

slab, which had been lying on the bottom of Possum Hollow Creek, was leaning against the culvert, and partially blocking the two center sections. Steel re-enforcement rods protruded from the concrete slab helping to block the culvert with trees, logs, stumps, brush, sticks and other debris.

Claimant alleges the loss and damage of 400 bushels of corn; 4 tons of hay; 4 tons of straw; 600 bushels of oats; damage to tractor; damage to other farm machinery; damage to small tools; damage to garden; damage to 2 acres of growing corn, and damage to 2 electric motors.

The record consists of the following: Complaint, amended complaint, transcript of evidence, abstract of evidence, statement, brief and argument of claimant, motion of claimant for leave to amend complaint, order of Acting Chief Justice Lansden granting claimant's motion for leave to amend complaint, amendments to complaint, statement, brief and argument of respondent, order granting claimant an extension of time in which to file reply brief, reply brief of claimant, and notice of intention to make oral argument.

The Court is of the opinion that a reasonably prudent person could have foreseen the concrete slab in question disintegrating and blocking the culvert during a flood, and that the negligent omission of the respondent was the proximate cause of the alleged damages. The law attaches to such omission of duty the charge of negligence.

An award is, therefore, entered in favor of claimant in the amount of Fifteen Hundred Dollars ($1,500.00).